UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEORGE SEPULVEDA

v. No. 15-186-ML

WARDEN MARRIANA

MEMORANDUM AND ORDER

I. Background

George Sepulveda ("Sepulveda") was convicted in 1997 of racketeering; conspiracy to commit racketeering; commission of a violent crime, murder, in aid of racketeering; witness intimidation; and possession of a firearm by a convicted felon. See generally Sepulveda v. Smith, No. Civ.A. 05-138-ML, 2006 WL 162085 (D.R.I. Jan. 20, 2006); United States v. Lara, 181 F.3d 183 (1st Cir. 1999). He was sentenced to three life sentences on the racketeering convictions and concurrent 20 and 10 year sentences on the witness intimidation and firearm convictions. See generally United States v. Sepulveda, No. CR 95-075-01-ML, 2015 WL 687226 (D.R.I. Feb. 18, 2015). Sepulveda's conviction and sentence were affirmed on direct appeal. Lara, 181 F.3d 183.

This is Sepulveda's latest filing in a long line of motions for post-conviction relief. The petition now before the Court, filed pursuant to 28 U.S.C. § 2241, was transferred to this District from the Middle District of Pennsylvania. See Sepulveda v. Marriana, Civil No. 1:14-2398, 2015 WL 2131610 (M.D. Pa. May 7, 2015). Sepulveda argues that he is "actually innocent" of

witness intimidation (18 U.S.C. § 1512) in light of Arthur Anderson L.L.P. v. United States, 544 U.S. 696 (2005), and Fowler v. United States, ___ U.S. ___, 131 S. Ct. 2045 (2011). Sepulveda does not challenge his four remaining convictions.[1] In addition to his § 2241 petition, Sepulveda has also filed an "amended pro-se petition for writ of error coram nobis under 28 U.S.C. § 1651." Docket #23 (capitals omitted).

## II. Analysis

### A. 28 U.S.C. § 2241 Petition

Generally, a prisoner must pursue a collateral attack on his conviction or sentence through a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Gonzalez v. United States, 150 F. Supp. 2d 236 (D. Mass. 2001). A federal prisoner challenging the manner, execution, or conditions of a sentence may, however, bring a petition under 28 U.S.C. § 2241. Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008). Sepulveda does not challenge the manner, execution, or conditions of his sentence; he challenges one of his convictions. See Hernandez-Albino v. Haynes 368 F. App'x 156 (1st Cir. 2010) (the court must look to the substance of the motion to determine whether it is governed by the statutory framework set out in 28 U.S.C. § 2255).

The threshold question in this matter is whether this action is properly filed pursuant to § 2241. In "rare instances . . . pursuant to the savings clause[2] of section 2255, a federal prisoner

---

[1]In his reply brief Sepulveda asserts claims not asserted in his original motion. "[I]ssues raised for the first time in [a] . . . reply brief are generally deemed waived." United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998). The Court declines to consider the new arguments in Sepulveda's reply brief.

[2]The savings clause provides, in relevant part:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

can challenge his conviction and sentence under section 2241 if the prisoner can establish that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention." Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001) (internal quotation marks omitted). Sepulveda bears the burden of establishing that the remedy under § 2255 is inadequate. Id.

A motion filed pursuant to § 2255 is not inadequate or ineffective, thus permitting the use of § 2241, merely because a petitioner cannot meet the second or successive petition requirements. United States v. Barrett, 178 F.3d 34 (1st Cir. 1999). The "savings clause" is narrowly interpreted and is very limited in scope. Bens v. Grondolsky, Civil Action No. 12-11553-GAO, 2012 WL 3990247 (D. Mass. Sept. 6, 2012). Courts have allowed "recourse to the savings clause in rare and exceptional circumstances, such as those in which strict adherence to [the Antiterrorism and Effective Death Penalty Act of 1996] gatekeeping provisions would result in a complete miscarriage of justice . . . ." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (emphasis added) (internal quotation marks omitted). Additionally, the savings clause can be used

> as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute. The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims.

Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir. 2000) (citation and footnote omitted).

Sepulveda contends that a § 2255 petition is inadequate because he asserts a claim of actual innocence on the theory that he is being detained for conduct that has been rendered non-

---

28 U.S.C. § 2255(e).

criminal by an intervening United States Supreme Court decision, grounded in statutory law, and that he is otherwise barred from challenging the legality of the conviction under § 2255. Sepulveda's claim, however, does not fall within the narrow scope of the savings clause. "Most courts have required a credible allegation of actual innocence to access the savings clause." Trenkler, 536 F.3d at 99 (citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)).

> The First Circuit has not articulated the full scope of circumstances under which the saving[s] clause could apply. However, it has recognized that the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that a prisoner was not guilty of the crime of which he was convicted. Thus, most courts require a credible allegation of actual innocence that the petitioner could not have effectively raised at an earlier time in order to take advantage of the savings clause.

United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014) (internal quotation marks and citation omitted).

Actual innocence means "factual innocence not mere legal insufficiency." Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011). The actual innocence exception does not apply in this instance because Sepulveda is only challenging one of the multiple charges for which he was convicted. See Santos v. Rectenwald, Civil No. 3:13-CV-2971; 2014 WL 1787769, at *3 n.2 (M.D. Pa. May 5, 2014) (to "the extent [p]etitioner's actual innocence claim might allow him to proceed under 28 U.S.C. § 2241, that actual innocence exception does not apply because he alleges to be innocent of only some of the charges for which he was convicted"); see generally Rozelle v. Secretary, Florida Department of Corrections, 672 F.3d 1000, 1012 (11th Cir. 2012) (the situation where a petitioner does not claim that he is actually innocent of all crimes is not the "usual kind" of actual innocence claim). A partial innocence claim of "I did not do all the

crimes just some of them" is "clearly not a credible claim of actual innocence where there has been a blatant miscarriage of justice." Gonzalez-Rivera v. Matias, Civil No. 07-2005CCC, 2010 WL 3212460, at *5 (D.P.R. August 10, 2010). Even if Sepulveda could show that he is "actually innocent" of the witness intimidation conviction Sepulveda was sentenced to *three* life sentences on the racketeering convictions. Sepulveda has not demonstrated the "rare and exceptional circumstances" that would permit relief pursuant to the savings clause. Trenkler, 536 F.3d at 99. Thus, the Court lacks jurisdiction to consider his petition.

B. Amended Petition for Writ of Error Coram Nobis Under 28 U.S.C. § 1651[3]

No matter how Sepulveda styles this pleading – in substance and form it is yet another § 2255 petition. Sepulveda once again seeks to vacate his conviction and sentence. Sepulveda is more than well aware that a federal prisoner "must obtain certification from a court of appeals before presenting" a second or successive habeas petition. Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014). Sepulveda did not seek permission from the Court of Appeals to file a subsequent 28 U.S.C. § 2255 motion, thus this Court lacks jurisdiction to consider the motion.[4]

Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings in the United States District Courts, this Court finds that this case is not appropriate for the issuance of a certificate of appealability as Sepulveda has failed to make a substantial showing of the denial of a

---

[3]Sepulveda does not have a pending Writ of Coram Nobis to amend on the docket. The Court thus treats the motion as a motion for Writ of Error Coram Nobis.

[4]Furthermore, the Writ of Coram Nobis is "ordinarily available only to a criminal defendant who is no longer in custody." Trenkler, 536 F.3d at 98. Sepulveda is currently serving three life sentences.

constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Sepulveda is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
August 6, 2015